```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

JULIUS MASTERS,                  §
TDCJ-CID NO. 1340578,            §
                                 §
        Plaintiff,                §
                                 §
v.                               §     CIVIL ACTION NO. H-08-778
                                 §
REGINALD GOINGS, et al.,         §
                                 §
        Defendants.              §

## MEMORANDUM OPINION AND ORDER

Julius Masters, a prisoner at the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint against TDCJ-CID officials. Masters contends that TDCJ-CID personnel were deliberately indifferent to his safety, and demands that criminal charges be brought against them. The court will dismiss this action as legally baseless pursuant to 28 U.S.C. § 1915(e).

### I.  Allegations and Request for Relief

Masters contends that the following defendants conspired to violate his civil rights while he was incarcerated at the TDCJ-CID Wynne Unit: Warden Reginald Goings, Captain P. Terry, Sergeant C. Jones, J.P. Guyton, C.C. Plock, M. Lawson, Assistant Regional III Director Doug Waldron, Inx Eckrest, M. Lee, and Ms. Allen. He alleges that he had requested removal from the general inmate

population on October 5, 2006, because he had been a witness to an excessive-use-of-force incident on August 19, 2006. Masters alleges that the removal was necessary because officers had threatened him. He claims that Captain P. Terry of the State Classification Committee had approved the transfer, but that Ms. Allen and Warden Goings, two other members of the committee, conspired to make a finding that the threats to Masters' safety were insufficient to warrant placement in protective custody.

Masters alleges that members of the Mexican Mafia prison gang attacked him on July 28, 2007, because two officials who were not named as defendants had identified him as a "known homosexual." He claims that he suffered a mild concussion along with various cuts and bruises as a result of the assault. Masters contends that Goings and Allen were aware of the risk to his safety, but disregarded it when making their determination on the Classification Committee. He claims that the defendants conspired to deprive him of a safe environment. In his prayer for relief (Docket Entry No. 1 at 4), Masters requests that this court order the United States Attorney's Office to appoint a special prosecutor to seek indictments against the defendants.

## II. Analysis

Under the Constitution's Eighth Amendment, prisoners have a right to be protected from violent assaults by other prisoners, and prison officials violate that right when they knowingly ignore a

condition that threatens a prisoner's safety to the extent that he is at risk of sustaining a serious or life-threatening injury. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). However, the Eighth Amendment mandates "reasonable" safety, not "absolute" safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998).

Masters cannot establish a failure to protect claim unless he presents specific facts showing that the defendants were aware of circumstances that posed a clear threat to his safety and disregarded them knowing that doing so would endanger his welfare. Farmer, at 1979. A prison official cannot be held liable if he makes a mistaken assessment about the seriousness of a threat against an inmate. Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998).

Without providing any supporting facts, Masters alleges that the defendants entered into some sort of conspiracy to violate his rights. Although Masters names ten people, he only asserts facts that personally connect two of them to the alleged deprivations. A person cannot be held liable for a civil rights violation unless it is shown that he personally committed an act or omission that deprived the victim of a right. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); Barksdale v. King, 699 F.2d 744 (5th Cir. 1983). Masters merely states that there was a conspiracy without providing any facts that would show that there was an agreement

among the defendants to commit the violation.  Such allegations are not sufficient to support a conspiracy claim.  <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982).  <u>See</u> <u>also</u> <u>Priester v. Lowndes County</u>, 354 F.3d 414, 423 n.9 (5th Cir. 2004) (conspiracy claims cannot be based on conclusory allegations).

Moreover, Masters does not present any facts that support a finding that any of the defendants were clearly aware of an imminent assault when his request for protective custody was denied.  His facts only show that a committee determined that he was not in sufficient danger to be removed from the general population.  Masters' rights were not violated even if the committee members may have been negligent in making their decision.  <u>Newton</u>, 133 F.3d at 308.  <u>See</u> <u>also</u> <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 645 (5th Cir. 1996) (Even gross negligence does not establish 1983 liability.).  Masters' conclusory allegations are not sufficient to establish a violation of his rights.  <u>Jackson v. Widnall</u>, 99 F.3d 710, 715-16 (5th Cir. 1996).

Apart from failing to establish a violation of his constitutional rights, Masters seeks relief that is not available in this action.  While prisoners may seek relief from exposure to dangerous conditions, they do not have a constitutional right to have prison employees criminally prosecuted for perceived injustices.  <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990).

Masters has submitted an Application to Proceed In Forma Pauperis.  Federal courts are authorized to screen and dismiss

frivolous complaints filed by prisoners as well as any complaint filed without advance payment of the filing fee.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  This action is frivolous because it has no legal basis.  <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998).

This prisoner civil rights complaint, filed by inmate Julius Masters, TDCJ-CID identification number 1340578, shall be dismissed because it is frivolous.

### III.  <u>Application to Proceed In Forma Pauperis</u>

Masters' Application to Proceed In Forma Pauperis (Docket Entry No. 2) shall be granted, and Masters will not be required to pay the entire filing fee at once.  However, Masters shall be ordered to pay the fee ($350.00) as soon as funds become available. 28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund shall be ordered to deduct 20% of each deposit made to Masters' inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire fee has been paid.

### IV.  <u>Conclusion and Order</u>

The court **ORDERS** the following:

1.   This Complaint, filed by inmate Julius Masters, TDCJ-CID #1340578 (Docket Entry No. 1), is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

2.   The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3.  The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 11th day of April, 2008.

*[signature]*

SIM LAKE
UNITED STATES DISTRICT JUDGE